**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARY C. ROGERS,

      Plaintiff,

      v.

PNC BANK NATIONAL ASS'N.,

      Defendant.

Case No. 1:26-cv-625

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Plaintiff's motion for a Temporary Restraining Order and Preliminary Injunction and renewed motion for a temporary restraining Order and preliminary injunction. Also before the Court is Plaintiff's motion to remand or in the alternative, for an Order directing Defendant to disclose its prior judicial admissions to the sentencing court. The motions will be addressed in turn.

**A. Plaintiff's motions for Temporary Restraining Order and Preliminary Injunction (Docs. 9, 14, 16)**

Plaintiff's seeks extensive injunctive relief under Fed. R. Civ. P. 65. She asks the Court to (1) immediately restrain Defendant from collecting any further restitution payments from her in connection with her federal criminal case, Case No. 1:08-cr-00002-DRC, and (2) require Defendant, within five days, to provide a detailed accounting of all restitution payments and to disclose to the sentencing court a wide array of admissions, loan documentation, regulatory records, and other information related to the underlying transaction. Plaintiff states that she does not seek to vacate or modify her conviction or restitution order, but rather to obtain an accounting and related disclosures. For the reasons that follow, Plaintiff's motions are not well-taken.

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue*." Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp*., 681 F.3d 312 (6th Cir. 2012) (en banc). "The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.,* 860 F.3d 844, 848-49.

A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief*." S. Glazer's Distribs. of Ohio, LLC,* 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet,* 305 F.3d at 573. This same four-factor analysis applies to a

motion for a TRO. *See Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). However, a TRO may issue only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1) (emphasis added).

On the record presented, Plaintiff has demonstrated none of the factors required to obtain a temporary restraining order or other preliminary injunctive relief. Notably, Plaintiff has not demonstrated a strong likelihood of success sufficient to warrant the extraordinary mandatory injunction she seeks. Her unjust enrichment and accounting theories are intertwined with the validity and administration of a federal criminal restitution order entered by another judge in another case. She remains subject to that judgment, and the United States and PNC Bank have ongoing roles in its enforcement. Whether Defendant's past or present conduct in connection with that order is actionable under Ohio law in this civil diversity case, and whether the relief she seeks would impermissibly interfere with the sentencing court's authority, are complex merits questions that cannot be resolved on the limited, one-sided evidentiary record presented in a TRO motion.

More importantly, Plaintiff requests an Order requiring Defendant to affirmatively correct alleged deficiencies that have not yet been proven and that are – at best – only loosely connected to the claims at issue. "Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief." *Perry v. Warden Warren Corr. Inst.*, No. 1:20-cv-30, 2020 WL 1659875, at *2 (S.D. Ohio Mar. 30, 2020), R&R adopted, 2020

WL 4022225 (S.D. Ohio July 16, 2020) (citing *Southern Milk Sales v. Martin*, 924 F.2d 98, 102).

Assuming arguendo, that Plaintiff could satisfy the Rule 65 factors, the scope of the requested injunction is far broader than necessary to preserve the status quo or prevent imminent harm. She seeks, among other things, extensive loan-level and regulatory disclosures going back two decades, with detailed requirements regarding internal underwriting files, general ledger entries, call reports, and county resolutions. Much of this relief resembles merits discovery and declaratory relief rather than the narrow, preliminary relief typically afforded under Rule 65. The Court declines to transform a TRO motion into a vehicle for wholesale document production and adjudication of complex accounting questions arising from a criminal restitution order.

For all of these reasons, Plaintiff's motions for temporary restraining Order and Preliminary Injunction (Docs. 9, 14) should be DENIED.

**B. Motion to Remand (Doc. 17).**

Plaintiff moves to remand this case back to the Butler County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c). She does not challenge the existence of diversity jurisdiction under 28 U.S.C. § 1332, and expressly "acknowledges that Defendant's Notice of Removal asserts diversity jurisdiction on grounds that, on their face, are not implausible." Instead, the motion is based on considerations of judicial economy, the state court's familiarity with related proceedings, and the timing of removal. Section 1447(c) authorizes remand on two grounds: (1) lack of subject-matter jurisdiction, or (2) "any defect" in removal procedure. 28 U.S.C. § 1447(c). Plaintiff identifies no jurisdictional

deficiency. *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539–40 (6th Cir. 2006); *State ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474–76 (6th Cir. 2008).

Here, Plaintiff's complaint asserts state-law claims (fraud, fraudulent concealment, unjust enrichment, abuse of process, civil conspiracy, declaratory judgment, and accounting) against a diverse defendant and seeks damages and other relief well in excess of the jurisdictional amount. On the face of the pleadings and removal papers, diversity jurisdiction properly exists under § 1332.

Plaintiff also fails to identify a cognizable procedural defect in removal. Defendant removed this action within thirty days of service, attached the state-court pleadings as required by § 1446(a), and complied with the forum and timing rules governing diversity removal. The fact that removal occurred shortly before a scheduled state-court hearing on Plaintiff's motion for a temporary restraining order does not, standing alone, constitute a defect under § 1446 or § 1447(c).

Additionally, Plaintiff's assertion that the state court is familiar with related litigation, has first-hand knowledge of certain statements made by counsel, and that state-law issues predominate does do not warrant remand. It is well established that Federal courts routinely adjudicate state-law claims in diversity cases, and a state court's prior involvement with related disputes does not divest this Court of jurisdiction or create a "defect" in removal within the meaning of § 1447(c). See 28 U.S.C. §§ 1332, 1441–1447.

For these reasons, Plaintiff's Motion to Remand (Doc.17) should be DENIED.

**C. Conclusion**

In light of the foregoing, Plaintiff's motions for Temporary Restraining Order and Preliminary Injunction (Docs.9, 14) should be **DENIED** and Plaintiff's motion to remand (Doc. 17) be **DENIED.**[1]

/s Stephanie K. Bowman
Stephanie K. Bowman
Chief United States Magistrate Judge

---

[1] In light of this recommendation, Plaintiff's motion for an immediate hearing on the motions for TRO and Preliminary Injunction (Doc. 16) should be **DENIED as MOOT.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MARY C. ROGERS,                                         Case No. 1:26-cv-625

    Plaintiff,                                         Cole, J.
                                                        Bowman, M.J.
    v.

PNC BANK NATIONAL ASS'N.,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).